IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

     Plaintiff,                  No. CIV S-11-1238 LKK GGH (TEMP) PS

     v.

PATRICK DONAHOE, et al.,

     Defendants.          <u>ORDER</u>

_____/

        Presently before before the court is defendants' motion to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the action to the Northern District of California.[1] The court finds the motion is well taken and that in the interest of justice, the action should be transferred to the correct venue.

        In this action, plaintiff alleges claims of discrimination, retaliation and wrongful termination arising out of his employment with the United States Postal Service. Although not specifically referenced in the complaint, it appears plaintiff brings his claims under the Rehabilitation Act, 29 U.S.C. §§ 791, <u>et seq.</u> and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, <u>et seq</u>. The statute governing venue of such claims provides in

---

[1] Because oral argument is not of material assistance, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1  pertinent part that venue is proper "in the judicial district in which the aggrieved person would
2  have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).
3  Plaintiff here alleges he was terminated from his position of employment with the Postal Service
4  at a unit located in San Francisco and seeks reinstatement into his job in that unit. Compl. at
5  9:1-2; Croteau Decl., ¶ 6. Venue is therefore proper in the Northern District of California.
6         Plaintiff also identifies in his complaint that "Venue is proper in the Northern
7  District of California . . ." Complaint at 14. Moreover, even assuming that an individual
8  defendants is an appropriate defendant in a case such as this (and individuals are not), defendant
9  specifies that his immediate supervisor's work place was in the Northern District. Complaint at
10 12.
11        In the interest of justice, a federal court may transfer a complaint filed in the
12 wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918,
13 932 (D.C. Cir. 1974).
14        Accordingly, IT IS HEREBY ORDERED that:
15        1. Defendant's motion to transfer (dkt. no. 6) is granted; and
16        2. This matter is transferred to the United States District Court for the Northern
17 District of California.
18 DATED: July 11, 2011

                                          /s/ Gregory G. Hollows
19                                        UNITED STATES MAGISTRATE JUDGE

20 JMM
   velasquez.tra.ggh

2