IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

    Plaintiff,

v.

PATRICK R. DONAHUE, et al.,

    Defendants.

No. C 11-03444 JSW

**ORDER DENYING MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

Now before the Court is the motion to review the Clerk's taxation of costs filed by Plaintiff Rodolfo Velasquez ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and concludes that the matter is suitable for disposition without oral argument. Accordingly, the hearing set for March 21, 2014 is HEREBY VACATED. For the reasons set forth in the remainder of this Order, Plaintiff's motion to review the Clerk's taxation of costs is HEREBY DENIED.

## ANALYSIS

**A.  Legal Standard Applicable to Review of Taxation of Costs.**

Under 28 United States Code § 1920, a judge or clerk of the court may tax costs for the following expenses:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* Before a party can be awarded costs, she must prove that each item claimed "is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.

In this District, Local Rule 54 specifically enumerates the standards that must be met before costs are recoverable. Importantly, the Court is not empowered to exceed the limitations set forth in § 1920, instead it has "solely a power to decline to tax, as costs, the items enumerated in § 1920." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

Federal Rule of Civil Procedure 54(d) creates a presumption that costs will be awarded to the prevailing party, and places the burden on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). However, the party seeking costs bears the burden of "establish[ing] the amount of compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Nos. C 08–4575 SI, C 09–1437 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quoting *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002)).

When a party seeks review of the Clerk's taxation of costs, the Court reviews the Clerk's determination de novo. *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005).

**B.     Plaintiff Waived His Right to Challenge Costs.**

Northern District Local Civil Rule 54(d) provides that "[w]ithin 10 days after service by any party of its bill of costs, the party against whom costs are claimed *must* serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth grounds of each objection." N.D. Civil L.R. 54-2 (emphasis added). The failure to file objections within this ten-day deadline waives the right to challenge costs under Federal Rule of Civil Procedure 54(d). *Konig v. Dal Cerro*, 2008 WL 4628038, *2-3 (N.D. Cal. Oct. 16, 2008) (finding that pro

se plaintiff's failure to submit timely objections waived the right to challenge costs); *see also Knox v. Chiang*, 2013 WL 2434606, *11 (E.D. Cal. June 5, 2013).

The court in *Konig* reasoned that:

> if the failure to file objections does not operate as a waiver to challenge costs, then Local Rule 54-2 is essentially rendered nugatory. A party could choose to withhold objections until the clerk's office makes its assessment, and then object for the first time in a motion before the district judge for review of the clerk's taxation of costs. This would allow a party to circumnavigate the process for cost awards that the Northern District has established for Rule 54(d) motions. Trial judges would be burdened and, of equal importance, clerks would be forced into the position of having to rule on items without knowing the extent of any objections. *In re Paoli R.R. Yard DP1B Litigation,* 221 F.3d 449, 453 (3d Cir.2000). This would be topsy-turvey. The objection should be made *before* the decisionmaker has to rule. To remain silent and let the clerk rule only then to raise objections is sandbagging of the worst sort.

*Konig*, 2008 WL 4628038 at *2.

Here, Plaintiff failed to file any objections with the Clerk, let alone objections within the required deadline. Accordingly, Plaintiff waived his right to challenge costs and, thus, the Court DENIES his motion to review the Clerk's taxation of costs.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for review of Clerk's taxation of costs.

**IT IS SO ORDERED.**

Dated: March 12, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO VELASQUEZ, | Case Number: CV11-03444 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PATRICK R. DONAHUE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 12, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodolfo Velasquez
P.O. Box 619
Tecate, CA 91980

Dated: March 12, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk